# Eister *versus* Paul.

1. The precise position that surveys were intended to occupy on the ground is generally a question of fact for the jury, but where the evidence is all one way, and so satisfactory that the court would not sustain a verdict against it, the judgment will not be reversed because the judge declared the true effect of the evidence instead of submitting it to the jury.

2. A well-located older warrant is a sure means of locating a younger which calls for the older.

3. If lines are upon any part of a block of surveys to which a disputed tract belongs, the disputed tract, from the time of its return, was an actual appropriation of the ground.

4. Marks upon any part of a block belong to each tract of the block.

5. Waters incorrectly laid down where the exterior lines cross them, would aid the presumption that the surveyor was not on the ground, but would not be conclusive; but error in marking interior streams is decisive of nothing.

6. If the defendant gained possession by attorning to the plaintiff's title, it was not in his power to destroy his landlord's right by secretly attempting to get another.

January 30th 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county*.

This was an action of ejectment brought January 7th 1858, by George Eister and Sarah his wife in her right, against Jacob Paul, for an undivided fourth of a tract of 152 acres. The plaintiffs claimed under a warrant of December 6th 1814, to Jacob Hieter; return of survey May 25th 1815, and patent December 9th 1816.

The defendant showed no title in himself, but set up an outstanding title in William Parker Foulke, under a warrant of February 9th 1794, to John Strembeck, which covered the Hieter tract, and which was one of a batch of surveys, of which they showed a connected draft.

The purchase-money for these surveys was paid by Judge Wilson. The Strembeck survey calls for two older surveys of Yarnell and Kunkle, which were returned in 1792, and which lie where they were called for. There was no evidence to impeach or establish the other tracts in the block, and their location has not been questioned. There was much timber on the ground, but no marks were found, and the streams were marked as if running up the mountains.

[Eister v. Paul.]

There was evidence of improvements made by Paul on this land; of an agreement with him by Foulke for the purchase of a portion of it, and of an ejectment by Foulke against him for the land.

The plaintiffs contended in the court below, that the two marked lines of older surveys did not make a survey of the Strembeck tract; that the question, whether it was or was not a chamber survey, should be submitted to the jury; that if it was a chamber survey, the Hieter survey, being made upon the ground within twenty-one years, would prevail; and further, that the defendant, having shown no title in himself, was in the position of a mere trespasser, and could not set up an outstanding title to defeat the recovery by the plaintiffs, who had a title from the Commonwealth; and they submitted corresponding points.

The court (Ryon, P. J.) charged:—

"The Strembeck calls for older surveys and is located so as to answer the calls upon two sides. This is called a chamber survey by the plaintiffs' counsel, and void as against the plaintiffs' title, originating under a warrant located in 1814 upon the Strembeck. The Strembeck is one of a block of surveys, and is located with the others according to their calls, or so as to answer to most of their calls, as is conceded in this case. This is not, in our judgment, a chamber survey, but is an actual location upon the ground, for it is not necessary, nor is it proper, to re-mark old lines; but whether it may be called one or the other, the survey is an appropriation, and not subject to a second appropriation, by the Commonwealth. The plaintiffs must recover upon their own title, and as defendant has shown an outstanding title superior to the plaintiffs', he must recover. Verdict directed for the defendant, which is a sufficient answer to plaintiffs' points."

The jury found for the defendant.

The plaintiffs assigned for error the refusal of the court to affirm their points, and directing a verdict for the defendants.

*F. B. Gowen*, for the plaintiffs in error, cited Caul *v.* Spring, 2 Watts 390; Mock *v.* Astley, 13 S. & R. 382; Lambourn *v.* Hartswick, Id. 113; Fugate *v.* Coxe, 4 Id. 293; Morris *v.* Travis, 7 Id. 220; Nieman *v.* Ward, 1 W. & S. 79; Collins *v.* Barclay, 7 Barr 73; Norris *v.* Hamilton, 7 Watts 96; Ormsby *v.* Ihmsen, 10 Casey 462; Coxe *v.* Blanden, 1 Watts 533; Heath *v.* Knapp, 4 Barr 228; Woods *v.* Lane, 2 S. & R. 57; Huston *v.* Wickersham, 8 Watts 519; Hoey *v.* Furman, 1 Barr 295; Shumway *v.* Phillips, 10 Harris 151; Turner *v.* Reynolds, 11 Id. 199; Lair *v.* Hunsicker, 4 Casey 115; Fox *v.* Thompson, 7 Id. 172.

*J. Bannan*, for defendant in error, cited Morris *v.* Travis, 7 S. & R. 222; Lambourn *v.* Hartswick, 13 S. & R. 113; Ramage *v.* Peterman, 1 Casey 349.

[Eister *v.* Paul.]

The opinion of the court was delivered, May 15th 1867, by

Woodward, C. J.—The location of surveys, that is, the precise position which they were intended to occupy upon the ground, is generally a question of fact to be decided by the jury, but where the evidence is all one way, and is so satisfactory that a court would not sustain a verdict that should find against it, we will not reverse the judgment because the judge declared the true effect of the evidence instead of submitting it to the jury. If the judge mistake the effect of the evidence he commits a double error, one in withholding it from the jury, and the other in misjudging it himself. But in this instance we discover no error. The John Strembeck tract was one of a series of warrants issued in 1794, and returned with its fellows as surveyed the same year, in a block of connected surveys. There was no evidence to impeach or establish any of the other tracts of the block, and the presumption is that they were located as returned into the land office. Strembeck adjoins Isaac Price as returned, and its position on the ground as claimed by the defendants is consistent with the relation it bears to the other tracts of the block in the land office. On two sides it called for older surveys, one in the name of Isaac Yarnall, and the other in the name of John Kunkle, which were surveys of 1792. The lines of these tracts were found on the ground, but no marks were found upon the Strembeck tract. The call for John Kunkle was probably a mistake, for a tract in the name of Hannah Yarnell, also a survey of 1792, lies between Strembeck and the Kunkle. But Isaac Yarnell lies where it was called for, and in connection with the presumption that arises in favor of the location of the block of which Strembeck is a part, it is sufficient to determine the location of the Strembeck tract. A well located older warrant, is a sure means of locating a younger warrant that calls for the older, especially when both warrants belong to respective blocks, whose location has not been questioned for more than half a century.

It is said the Strembeck was a chamber survey. We see no evidence of it. If lines are now upon any part of the block to which it belongs (and this was unquestioned), then the Strembeck was, from the time of its return into the land office, an actual appropriation of the ground, for marks upon any part of the block belong to each tract of the block: Malone *v.* Sallada, 12 Wright 425. It would have been improper to set new marks on those sides of the Strembeck on which older surveys were called for, because the lines of those surveys became the lines of this tract, and new marks would only have tended to confuse boundaries.

There was plenty of timber to be marked and from the absence of marks the inference is deduced that it was a chamber survey, but the exterior lines of a many-sided tract were seldom all run, and where, as in this instance, adjoiners were called for that would

[Eister v. Paul.]

sufficiently locate the tract, the tracing of all the lines was not essential to an actual survey.

The waters were not correctly laid down, and this is urged as a reason why the survey was not actual. If the waters are incorrectly laid down where the exterior lines cross them, this circumstance, though not conclusive, would aid the presumption that the surveyor was not on the ground; but mistakes in marking the course of streams through a large tract are not uncommon and not very important, for the surveyor is not supposed to have traversed the interior of the tract to see how the waters run;—he infers what the course of the waters through the tract is from what he sees of them where they cross the lines he is tracing, and his inferences are often mistaken. Such marks, therefore, are decisive of nothing when found incorrectly indicated upon the plot of the survey.

These are the principal grounds urged in argument against the Strembeck, as an actual survey, and they fail to establish the point counsel have in view. We cannot treat Strembeck as a chamber survey for the purpose of letting in the survey of the Hieter warrant, which was made and returned only a month short of twenty-one years subsequently to the Strembeck. Had it been one month later a conclusive presumption would have arisen in favor of the Strembeck survey even though a chamber survey, but as we think the evidence satisfactorily established its location upon the ground it did not need the benefit of this presumption.

It is further argued that Paul was an intruder and a stranger to the Foulke title (another name for the Strembeck survey), and, therefore, that he ought not to have been permitted to set it up in defence of his possession; but there was evidence by the agent of the Foulke lands that Paul had taken a contract for the lands at a price which the witness did not remember, and a pending ejectment against him was shown, which was brought, no doubt, to enforce performance of this contract. Then if he was there under the Foulke title he had a right to set it up in defence of his possession. It is alleged in the plaintiff's brief that Paul went in under the Hieter title, and defendant's counsel not only does not deny the allegation, but justifies it on the ground that to better his condition nothing could be more commendable than his arrangements to buy from the true owner. How he went in, whether under a lease or a contract of purchase, does not appear, but if he gained the possession by attorning to that title, it was not in his power to destroy his landlord's right by secretly attempting to get another. This was unsuccessfully attempted in Runkin v. Tenbroeck, 5 Watts 386, and Steele v. Koons, 7 Harris 208. No point, however, was submitted to the court on this view of the case, no instructions given, and the evidence applicable to it is very slight. Possibly the case might have been placed on this

[Eister *v.* Paul.]

ground, but as it was not, the interlocution between counsel on the subject goes for nothing.

The judgment is affirmed.