# Holland, Appellant, *v.* Kindregan.

*Evidence—Submission of case to jury—Scintilla—Title to middle of public road by deed to lands bounded by road.*

It does not follow that, because the evidence on one side may be overwhelming, in the opinion of the trial judge, the case can be withdrawn from the jury. If there is a conflict of evidence it must go to the jury, unless the evidence on one side amounts but to a scintilla.

In 1846 land was conveyed to James Holland, described in one of its courses as running along "the southwest side of Mill road." In 1852, a report of commissioners was filed vacating Mill road." In 1883, James Holland conveyed a piece of ground to plaintiff, describing one of the courses as beginning on a corner "formerly the middle of the Mill road, which was vacated by order of court about 1852, thence along the same," etc. In 1853, James Holland sold a piece of ground to defendant's predecessor in title, describing it as "beginning at a stake on the southwest side of Mill road, a corner, etc., and thence along the southwest side of said Mill road," etc. In 1891, James Holland conveyed to plaintiff the land in dispute, which is the southern half of the bed of the old Mill road. Plaintiff claimed that before the date of the deed of 1853, the Mill road had been actually closed, so that the title to the middle of the road would not pass under that deed, but the only evidence in support of the claim was that of James Holland, who testified that he put a fence in the middle of the road to mark the line of his property. *Held*, in an action of ejectment and verdict for plaintiff, that the evidence was but a scintilla, and that judgment was properly entered for defendants, non obstante veredicto.

Argued Feb. 2, 1893. Appeal, No. 207, Jan T., 1893, by plaintiff, Thomas Holland, from judgment of C. P. Montgomery Co., Oct. T., 1891, No. 26, for defendants, Joseph Kindregan et al., non obstante veredicto. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Ejectment for strip of land, formerly part of public road.

At the trial, before WEAND, J., it appeared that in 1846 certain land was conveyed to James Holland, described in one of

its courses as running along " the southwest side of Mill road." In 1852, a report of commissioners was filed vacating Mill road. In October, 1853, James Holland conveyed a piece of ground to defendants' predecessor in title, describing it " as beginning at a stake on the southwest side of Mill road, a corner, etc., and thence along the southwest side of said Mill road," etc.    In 1883, James Holland conveyed a piece of ground to plaintiff, describing one of the courses as beginning on a corner " formerly the middle of the Mill road, which was vacated by order of court about 1852, thence along the same," etc.    In 1891, James Holland conveyed to plaintiff the land in controversy which is the southern half of the bed of the old Mill road. Plaintiff claimed that before the deed of October, 1853, the Mill road had been actually closed, and in support of this claim James Holland testified that in that year he put a fence in the middle of the road to mark the line of his property.

The court directed a verdict for plaintiff, reserving the question of law as to whether there was any evidence to be submitted to the jury upon which the plaintiff could recover.    The court subsequently entered judgment for defendants non obstante veredicto, in the following opinion, by WEAND, J.:

" Both parties claim title through James Holland.    At the time he became seized the land was traversed by a public road known as the Mill road, which was vacated by the report of a commission filed and confirmed nisi, August 21, 1852, and no exceptions filed thereto.

" Part of the contention on part of defendants was that, notwithstanding the report of the commission, the road still remained open as a public road for several years after their predecessor had obtained title.    If this fact was important to their defence it should have been submitted to the jury, for if found for defendants it might have been decisive of the case.    To exclude it was error, and unless we can enter judgment for defendants on other grounds a new trial should be granted.

" Plaintiff claims title by virtue of a deed from James Holland et ux. dated May 14, 1891.    The land in dispute is part of the bed of the old Mill road.

" Defendants' title commences with a deed from the same grantor, James Holland et ux., to David Irving, dated Oct. 2, 1853, recorded Sept. 4, 1854, in which the property is described

as ' beginning at a stake on the southwest side of Mill road, a corner, etc., and thence along the southwest side of said Mill road,' etc. As this was a conveyance to the side of the Mill road the grantees were entitled to hold to the middle thereof, under Paul v. Carver, 26 Pa. 223; Cox v. Freedley, 33 Pa. 124; Hamilton Street, 24 Atl. R. 122; [148 Pa. 640.]

" It is contended, however, that as the Mill road was vacated at the date of this conveyance this doctrine does not apply, and that the fee of the land covered by the road still remained in Jas. Holland.

" The case of Ott v. Kreiter, 110 Pa. 370, is a parallel case, and it was there held that the fact of prior vacation ' might have some force if this road had, at that time, not only been vacated but closed up. The evidence in the case at bar was overwhelming that it had not been closed up for several years afterwards, and a finding against this fact could not have been sustained. The only witness to show that it had been closed up was Jas. Holland, and the most that his evidence establishes, if true, is that he put a fence in the middle of the road to mark the line of his property in dispute here, and this he says he did before conveying to Irving, defendant's predecessor in the title, and yet the conveyances from this witness to both Irving and plaintiff refer to the Mill road as a boundary. The deed to Irving distinctly recognizes the Mill road, viz.: ' Beginning at a stake on southwest side of Mill road, a corner of Cedar alley,' etc., and this is the same description as contained in the deed of the premises from Benj. McLearn to Jas. Holland, so that he only obtained title himself to this tract by reason of the doctrine of Paul v. Carver and kindred cases, and when in his deed to Irving he described the land as being the same conveyed to him by McLearn and again refers to the Mill road as an existing road, he parted with all his interest therein and hence had nothing to convey to plaintiff in 1883 or 1891. That the intent to convey the whole tract to Irving was in the mind of both parties is shown not only by the conveyance already referred to, but also by plaintiff's chain of title. Under date of Oct. 1, 1883, thirty years after the conveyance to Irving, Jas. Holland et ux. convey to plaintiff a lot of land described as running ' to a corner of Morris' (now plaintiff's) land formerly the middle of the Mill road which was vacated by order of the

court about 1852,' thus distinctly recognizing the Irving title to extend to the middle of the road and giving plaintiff notice of the fact. It was not until 1891, or thirty-eight years after the deed to Irving, that Jas. Holland undertook to convey the small strip in dispute to plaintiff. Can it be conceived that during all this time he intended to retain in himself this narrow strip and sell off the land on both sides? As was said, by LEWIS, C. J., in Paul v. Carver, supra, when speaking of the right of grantees in the adjacent ways and streets, that the intent of the parties as disclosed by the whole scope of the conveyance and the nature of the property granted must be the controlling rule. We think therefore that not only by the terms of the deed to defendant's predecessor, but from the intent of the parties as gathered from all the deeds on record, the plaintiff's grantor had divested himself of all interest or title to this land before he conveyed to plaintiff, according to the rule laid down in Ott v. Kreiter, supra. And now, June 6, 1892, the motion for a new trial is overruled and judgment is now entered for defendants, non obstante veredicto, on the reserved point."

*Errors assigned,* among others, were (3) in reserving the question of law; (4) in withdrawing the facts from the jury; and (5) in entering judgment for defendant non obstante veredicto.

*James C. Holland, John M. Dettra* with him, for appellant.— The question of law was improperly reserved: Furguson v. Wright, 61 Pa. 258; Clark v. Wilder, 25 Pa. 314; Irwin v. Wickersham, 25 Pa. 316; Wilson et al. v. Tuscarora, 25 Pa. 317; Winchester v. Bennett, 54 Pa. 510; Miller v. Bedford, 86 Pa. 454; Keifer v. Eldred Township, 110 Pa. 2. Plaintiff submitted evidence which if believed by the jury would have entitled him to a verdict: Paul v. Carver, 26 Pa. 223; Ott v. Kreiter, 110 Pa. 370; Spackman v. Steidel, 88 Pa. 458; Robinson v. Myers, 67 Pa. 18.

*Gilbert R. Fox,* for appellees, cited, on the question of boundary: Paul v. Carver, 26 Pa. 223; Cox v. Freedley, 33 Pa. 124; Wood v. Appal, 63 Pa. 210; Kreiter v. Bigler, 101 Pa. 94; Transue v. Sell, 105 Pa. 604; Ott v. Kreiter, 110 Pa. 370; Le-

high Street, 81* Pa. 85.　On the form of the reserved question: Chandler v. Commerce Fire Ins. Co., 88 Pa. 223 ; Keifer v. Eldred Township, 110 Pa. 1 ; Wilde v. Trainor, 59 Pa. 439 ; Koons v. W. U. Tel. Co., 102 Pa. 164.

PER CURIAM, February 13, 1893 :

The learned judge below reserved the question whether there was any evidence to be submitted to the jury upon which the plaintiff can recover, and subsequently entered judgment for the defendants non obstante veredicto.　In entering this judgment we think he reached the substantial justice of the case. He appears to have been led to this result, however, because, to use his own language, " the evidence in the case at bar was overwhelming that it (the road in question) had not been closed up for several years afterward and a finding against this fact could not have been sustained."　It does not follow that because the evidence on one side may be overwhelming in the opinion of the trial judge, that the case can be withdrawn from the jury. If there is a conflict of evidence it must go to the jury unless the evidence on one side amounts but to a scintilla.　The evidence of James Holland amounts at most to but a scintilla, and the learned judge was right in saying that a finding against the fact in question could not have been sustained.　Where the evidence is so weak that it would be the duty of the court to set aside the verdict of the jury, there is no propriety in submitting it.　We think the judgment was properly entered for the defendants.

Judgment affirmed.