## Lonzer *v.* Lehigh Valley Railroad Company.

*Negligence — Contributory negligence—Subsidence of track—Province of court and jury.*

In an action to recover damages for the death of a locomotive engineer caused by the subsidence of the track over mine workings from which the coal had been removed, it is error for the court to submit the case to the jury where it appears from defendant's testimony, which is uncontradicted, that three weeks prior to the accident a notice has been posted on a bulletin board, which it was the duty of the deceased to examine, that all trains should run slow over a specified stretch of track covering the point of the accident on "account track settling," that the fireman testified positively that the deceased had a copy of the order which he showed to him, and that the deceased disregarded the order and did not run his train slow over the dangerous locality.

When testimony offered by defendant is of a nature to defeat the plaintiff's claim, is not in itself improbable, is not at variance with any proved or admitted facts, or with ordinary experience and comes from witnesses whose candor there is no apparent ground for doubting, the jury is not at liberty to indulge in a capricious disbelief; and if they do so it is the duty of the court to set the verdict aside. Where the proof is of such a character, the court may refuse to submit it at all, and direct a verdict for defendant.

Argued April 10, 1900.   Appeal, No. 391, Jan. T., 1899, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1896, No. 580, on verdict for plaintiff in case of Catharine E. Lonzer v. Lehigh Valley Railroad Company.   Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Trespass for death of plaintiff's husband.   Before ED-WARDS, J.

At the trial it appeared that Michael Lonzer, plaintiff's husband, was killed on January 20, 1896, while working as a locomotive engineer on one of defendant's trains.   The accident occurred near Hazelton, and was caused by a subsidence of the track.   This subsidence was due to the sinking of the land over mine workings from which the coal had been removed.   Plaintiff was running his train at the time of the accident at the rate of about twenty-five miles an hour.   There was evidence that three weeks prior to the accident a notice had been placed on the assistant train master's bulletin board that, " All trains will run slow between Sugar Loaf Switch and South Sugar Loaf, account track settling."   There was evidence that running slow meant eight to ten miles an hour.   Deceased's fireman testified that Lonzer had a copy of the order in his possession, and had showed it to the witness.   The court submitted the case to the jury.

Verdict and judgment for plaintiff for $3,000.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*J. B. Woodward,* of *Wheaton Darling and Woodward,* and *H. W. Palmer,* for appellant.—Where there is no real controversy as to the facts it is not error to withdraw the case from the jury: Gardner v. McLallen, 4 W. N. C. 435 ; Holland v. Kindregan, 155 Pa. 156 ; Wells v. New England Mutual ·Life Ins. Co., 191 Pa. 211.

*John T. Lenahan,* with him *John R. Sharpless,* for appellee.—The matter of knowledge on the part of the deceased was properly submitted as a question of fact to the jury : Northern Pacific R. R. Co. v. Babcock, 154 U. S. 190 ; Hawley v. North-

ern Cent. Ry. Co., 82 N. Y. 370 ; Patterson v. Pittsburg & Con-
nellsville R. R. Co., 76 Pa. 389; Penna. R. Co. v. Zink, 126
Pa. 288.

An employee who continues to use a machine which he knows
to be dangerous takes upon himself the risk of injury there-
from ; but this rule is inapplicable if the risk does not threaten
immediate danger, and the employee continues in the employ-
ment in pursuance of a promise of the employer to remedy the
defect : Brownfield v. Hughes, 128 Pa. 194 ; Penna. & N. Y.
Canal & R. R. Co. v. Mason, 109 Pa. 296 ; Bennett v. Stand-
ard Plate Glass Co., 158 Pa. 120 ; Denning v. Midvale Steel
Co., 192 Pa. 182 ; Kansas City, St. Joseph & Council Bluffs
R. R. Co. v. Flynn, 78 Mo. 195 ; Whittaker v. Delaware &
Hudson Canal Co., 126 N. Y. 544 ; Ford v. Fitchburg R. R.
Co., 110 Mass. 240 ; Reed v. Burlington, etc., Ry. Co., 72 Iowa,
166.

Opinion by Mr. Justice Mitchell, July 11, 1900 :

The plaintiff's husband was engineer of a train which was
derailed by a subsidence of the track, and he was killed. The
defense was his own contributory negligence.

It appeared by the undisputed evidence that the track was
laid for a considerable distance over mine workings from which
the coal had been removed; that from time to time prior to the
accident there had been cavings in of the surface along the rail-
road's right of way ; that the road was known to be in an unsafe
condition from this tendency, and that the accident resulting
in deceased's death arose from this cause. On the argument
several points were made by appellant in regard to deceased's
contributory negligence, but we do not find it necessary to no-
tice any but one.

The recognition of the dangerous condition of the track was
such that the company had begun a change of location, and
pending the completion of the work had posted a notice on the
bulletin board of the assistant train master's office for nearly
three weeks before the accident that " All trains will run slow
between Sugar Loaf Switch and South Sugar Loaf, account
track settling." It was the duty of deceased to examine this
bulletin board before starting and at the end of each run, that
is, six times every day that the notice was up, and the inference

is irresistible that he must have seen it. But beyond this there is the positive testimony of the fireman that the deceased had a copy of the order which he showed to witness. There was further evidence that running slow meant eight to ten miles an hour, and that at that speed the accident would not have happened, or at most would not have had any serious results.

It is true that an effort was made by plaintiff to show that the notice was not posted until after the accident, but the evidence could hardly be said to amount to a scintilla. A single witness, the engineer of a shifting engine, was called to this point in rebuttal, but his testimony cannot fairly be said to go further than that he did not see the notice until after the accident.

It is further said that the testimony as to the posting of the notice and the deceased's knowledge of it was by witnesses for the defense and their credibility was for the jury. Such certainly is the general rule. The jury are not bound to believe every story that a witness or witnesses are willing to swear to simply because no other witness contradicts it. If its inherent improbability or irreconcilability with facts shown or admitted are such that it does not command their assent, the jury may disregard it. But this rule is founded on common sense and knowledge of human nature, and must be limited by the same standards. When the testimony is not in itself improbable, is not at variance with any proved or admitted facts, or with ordinary experience, and comes from witnesses whose candor there is no apparent ground for doubting, the jury is not at liberty to indulge in a capricious disbelief. If they do so, it is the duty of the court to set the verdict aside. Such cases are exceptional, but this is one of them. The fact that the notice was there for three weeks in a place where it was the daily duty of the deceased to look, was not denied except inferentially by one witness; the coemployees of the deceased saw it, and when the fireman testified that the deceased had shown him a copy of it, he merely added positive testimony to what was already an irresistible inference from facts previously proved. The verdict should have been set aside as in direct disregard of the evidence, and where that is the case, the court may refuse to submit it at all and direct a verdict accordingly: Holland v. Kindregan, 155 Pa. 156.

On a review of the whole evidence the facts are practically undisputed and from them it clearly appears that Lonzer's death was the direct and proximate result of his voluntary disregard of an order of the appellant made specially to avoid the very danger from which the accident resulted. Under such circumstances there could be no recovery by him or by anybody claiming through him.

Judgment reversed.