# Walters, Appellant, *v.* American Bridge Company.

*Negligence—Independent contractor—County bridge—Judgment n. o. v.*
*—Public works.*

1. In an action against a bridge company to recover damages for personal injuries sustained by the plaintiff while crossing a county bridge which the defendant had contracted to repair, a judgment for defendant n. o. v. will be affirmed where the written proof at the trial shows that the work at the point at which the plaintiff was injured was under a contract which the defendant had sublet, and the uncontradicted parol proof showed that the independent contractor was doing the work at the time of the accident, and that the defendant had no part in it. In such a case it is immaterial that there was an agreement between the county and the defendant that the contract was not to be sublet, and it is also immaterial that the contract was one for public works.

2. In a negligence case where the oral testimony on the part of the defendant as to an independent contract under which the work was done is not in itself improbable, is not at variance with any proof or admitted facts or with ordinary experience, and comes from witnesses whose candor there is no ground for doubting, a jury ought not to be permitted to indulge in a capricious disbelief of their testimony and binding instructions for the defendant are proper: Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610, followed.

*Practice, C. P.—Judgment for defendant n. o. v.—Rule for new trial.*
3. Where there is a rule for a new trial pending at the time the trial court grants a motion for judgment non obstante veredicto, the rule for a new trial must be discharged, inasmuch as no case is ripe for judgment with a rule for a new trial undisposed of. If such action is not taken by the trial court, the appellate court will remit the record with directions to dispose of the rule.

Argued Oct. 17, 1911. Appeal, No. 40, Oct. T., 1911, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1906, No. 275, for defendant non obstante veredicto in case of John T. Walters v. American Bridge Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict for plaintiff for $7,500. Subsequently the defendant took a rule for a new trial, and moved for judgment non obstante veredicto.

The court entered judgment for defendant non obstante veredicto, but took no action on the rule for a new trial.

*Error assigned* was in directing that judgment be entered for defendant non obstante veredicto.

*Frederic W. Miller*, with him *John S. Robb, Jr.*, for appellant, cited: Allen v. Willard, 57 Pa. 374; Homan v. Stanley, 66 Pa. 464; Hookey v. Oakdale Boro., 5 Pa. Superior Ct. 404; Second Nat. Bank v. Hoffman, 229 Pa. 429.

*David A. Reed*, of *Reed, Smith, Shaw & Beal*, for appellee, cited: Erie v. Caulkins, 85 Pa. 247; Thomas v. Altoona, etc., Ry. Co., 191 Pa. 361; Hookey v. Oakdale Boro., 5 Pa. Superior Ct. 404; Wray v. Evans, 80 Pa. 102; Lonzer v. R. R. Co., 196 Pa. 610; Patton v. Ry. Co., 179 U. S. 658 (21 Sup. Ct. Repr. 275).

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

The accident which resulted in the injury to the plaintiff below was a peculiar one. He was crossing a county bridge over Chartiers creek, in the borough of Carnegie, about eleven o'clock at night on October 8, 1904, when he saw a street railway car coming towards him on one of the two tracks upon the bridge. He was on the track upon which the car was approaching and stepped over onto the other track when he heard a car coming behind him. He thereupon stepped up from the track onto a water main which was upon the cartway of the bridge, and, to steady himself while in that position, placed his hand upon a latticed railing, which, for some time, had been in an upright position between two beams, the bottom of it

resting upon the ends of boards which constituted a part of a sidewalk on the bridge. Sometime before the accident the county of Allegheny had entered into a contract with the American Bridge Company, the appellee, for the reconstruction of this sidewalk, and the old boards constituting the same had been removed, leaving the latticed railing to rest practically in equilibrio on an iron cross beam or girder. It had thus rested for several days, and, when the plaintiff below placed his hand upon it to steady himself, the one end tilted up and his hand was caught between one of the upright beams and the railing as it slipped into the creek below, resulting in the injuries for which he seeks damages in this action. The defense was threefold: 1. No negligence was shown which was the cause of plaintiff's injury. 2. He was guilty of contributory negligence. And, 3, the work of repair at the bridge was being done by an independent contractor. The case went to the jury under instructions that each of the questions raised by the defense was for them, and a verdict was returned for the plaintiff. Subsequently a motion for judgment for the defendant non obstante veredicto was sustained, for the reason that, under the undisputed evidence in the case, the work was being done by an independent contractor at the time the plaintiff was injured, and he was, therefore, not entitled to recover from the appellee. The court at the same time intimated a doubt as to whether any negligence had been shown which caused the injuries sustained.

The contract with the appellee for the reconstruction of the sidewalks on the bridge was in writing, but at the time it was executed the appellee was under a written contract or agreement with a partnership known as the Nelson & Buchanan Company, by the terms of which that partnership or firm was to do all bridge work within a specified territory, including the borough of Carnegie. The execution of this agreement was admitted on the trial. On June 23, 1904—seven days after the appellee had made its contract with the county of Allegheny—it notified

the Nelson & Buchanan Company in writing that, though it had taken the contract in its own name at the request of A. H. Nelson, one of the firm, its interest in the work to be done was limited to the furnishing of the steel material required, and requested the firm to send a formal order for the sidewalk brackets. On June 27, 1904—four days later—the Nelson & Buchanan Company, recognizing the existence of the contract between it and the American Bridge Company, wrote that company and inclosed, as requested, an order for the sidewalk brackets. There was thus before the court unmistakable written evidence that the Nelson & Buchanan Company had assumed to do all the work in connection with the reconstruction of the sidewalks on the bridge; and that it actually did the work as an independent contractor was clearly established by the testimony of A. H. Nelson and J. J. Acklin, the latter being foreman of the Nelson & Buchanan Company. These were two entirely disinterested witnesses, and the jury could have had no reason for doubting their candor or questioning their credibility. They testified positively that the work was done by the Nelson & Buchanan Company; that no work was done by the American Bridge Company; that it did not have any men on the work, and took no part in the same. Under the uncontradicted written evidence and the unimpeached parol testimony of disinterested witnesses, there was no question that the work on the bridge was being done by an independent contractor at the time the appellant was injured, and the learned and careful trial judge in his opinion directing judgment for the defendant n. o. v. corrected the error into which he had temporarily fallen in giving the jury an opportunity to return a verdict against the defendant. It is vain for the learned counsel for appellant to insist that, under the rule as to parol testimony, the case was one for the jury, and the plaintiff is, therefore, entitled to judgment on the verdict. There was no evidence that any employee of the defendant company was ever on or about the bridge or had ever

done any act in connection with the work of repair; while on the other hand, the oral testimony on the part of the defendant as to the independent contractor was not in itself improbable, was not at variance with any proof or admitted facts or with ordinary experience, and, having come from witnesses whose candor there was no ground for doubting, the jury ought not to have been permitted to indulge in a capricious disbelief of their testimony: Lonzer v. Lehigh Valley R..R. Co., 196 Pa. 610. All that was established by the oral testimony in the case was that a subcontract, contemplated by a written agreement between the appellee and the Nelson & Buchanan Company, and assumed in writing by that firm, was performed by it.

Nothing urged by counsel for appellant can take this case out of the rule as to the liability of an independent contractor for injuries resulting from his negligence in performing his contract. Contracts for public works are within the rule: Painter v. Pittsburg, 46 Pa. 213; Erie v. Caulkins, 85 Pa. 247; Susquehanna Boro. v. Simmons, 112 Pa. 384. Some stress is laid upon the clause in the contract between the appellee and the county of Allegheny that it was not to be sublet, but of this the appellant can take no advantage. If he had a cause of action against any one, it was against the party whose negligence caused it, and not against another, having had, as a matter of fact, nothing at all to do with the prosecution of the work at the time of the accident.

In directing judgment to be entered for the defendant n. o. v. the court below failed to dispose of the rule for a new trial. This is not a proper practice. When we called attention to it on the argument of this appeal, the statement was made that the court below had probably followed Dalmas v. Kemble, 215 Pa. 410. Nothing said in the concluding words of that opinion justifies the holding of a rule for a new trial when a court below undertakes to enter judgment on the verdict or for the plaintiff or defendant n. o. v. No case is ripe for judgment with a rule for a new trial undisposed of. The present case well il-

lustrates this.   If we should reverse the judgment and direct judgment to be entered for the plaintiff on the verdict, our reversal could be set at naught upon return of the record, if the rule for a new trial, still sub judice, should be made absolute.   Hereafter, when it appears that a rule for a new trial has not been disposed of by the trial court, the record will be remitted, for a discharge of a pending rule for a new trial is a prerequisite to the entry of judgment.   We affirm this judgment on the assumption that the learned court below will discharge the rule as of the date it directed the judgment to be entered.

Judgment affirmed.

Mr. Justice Moschzisker concurring:

Under the evidence in this case, I would not affirm on the theory that the defense of independent contractor was a matter of law for the court; I would, however, on the ground that no negligence was proved.   The defendant company could not reasonably have anticipated the happening of the events which resulted in the plaintiff's injury, for the railing which gave way was never intended for the use to which he put it.