Opinion by
Henderson, J.,
The plaintiff’s action was for damages for breach of a contract entered into with the defendant to furnish the latter a gas engine of sufficient capacity to furnish the power required in a building then in process of erection by the plaintiff. The default alleged was that the engine had not the stipulated horse power and that it wholly failed to come up to the representations of the defendant and to meet the requirements specified by the plaintiff. Different items of loss were stated in the declaration, one of which was the sum of $303.67 for freight, hauling, cost of alteration and work in an attempt to render the engine efficient and the expense of changing and preparing the foundation for another engine. At the trial all of the claim was dropped except this bill of expenses. To support its claim the plaintiff offered evidence to show that after the engine was found to be deficient the defendant requested the plaintiff to return it, to which request the plaintiff replied agreeing to do so on condition that the defendant paid the sum of $303.67, to which the defendant agreed, with a request to send the engine and a sight draft attached to the bill of lading. Thereupon the plaintiff shipped the engine to itself as consignee and forwarded a letter and the bill of lading with a draft attached for the amount of the claim. At the same time an order to the railroad company to deliver the engine to the defendant was mailed to the latter. Soon after the engine arrived at its destination at Newark, New Jersey, it was seized by the defendant on legal process as the property of the plaintiff, and the railroad company so notified the shipper. The negotiations relating to a return of the engine were by letters exchanged and one of the letters containing the proposition of the plaintiff to return the engine on condition that the defendant reimbursed it for its outlay of *31 $303.67 was not produced by the defendant after notice to its counsel and a copy could not be found by the plaintiff. It, therefore, became necessary to offer parol evidence of the fact of the writing and posting of the letter and of its contents. The transaction was more than eight years before the trial, and the proof of the missing letter was made by the bookkeeper and stenographer of the plaintiff who testified that she wrote the letter on the type machine from dictation and that she mailed it. She stated that she could not recall it word for word, but undertook to give its substance. She also testified that the engine never was returned. Evidence as to the contents of the letter was also given by Mr. Seelar who said he thought he read the letter over after it was dictated; that he could not quote it word for word but gave its substance to the effect that the defendant was notified by the letter that the plaintiff had charges of $303.67 and that it wanted that sum paid before the engine would be returned; that if the defendant would send its check for the amount or would accept a sight draft attached to a bill of lading the engine would be forwarded. This letter is alleged to have been written on or about May 11, 1903, and a letter of the defendant was offered in evidence acknowledging the receipt of a letter of the eleventh and directing the plaintiff to ship the engine with sight draft attached to bill of lading. This constituted the material evidence on which the plaintiff relied to establish its right to recover the amount claimed at the trial. If we concede that the notice to the defendant’s counsel to produce the letter called for was sufficient in time and that parol evidence of its contents might therefore be introduced we find the plaintiff compelled to rely on the testimony of witnesses as to a transaction occurring nearly nine years before in a matter apparently not so unusual as to have made a fixed impression on the mind and as to other matters necessary to be shown in the judgment of the plaintiff’s counsel to make out a case. Could the court give binding instructions for the plaintiff on this state of facts? It was *32 said in Second National Bank v. Hoffman, 229 Pa. 429, that when the establishment of a question of fact depends upon oral testimony the credibility of the witness or witnesses is for the jury alone and it is their exclusive province to determine whether from such testimony the fact in dispute has been established; and numerous authorities are cited in support of that rule. That the plaintiff’s case rested on oral testimony is admitted and that its strength depended on the credibility of the witnesses and the correctness of their recollection must be also conceded. The missing letter was a necessary link in the plaintiff’s chain of proof. What that letter contained when it was written and whether mailed or not were questions to be established by the recollection of witnesses called long after the transaction, and we think, therefore, the value of their evidence was to be estimated by the jury under the circumstances. Our attention has been called to the case of Walters v. American Bridge Co., 234 Pa. 7, in which the court entered judgment for the defendant non obstante veredicto holding that the uncontradicted and unimpeached oral evidence that the work was done by an independent contractor and not by the defendant was of such a character as to clearness, probability and credibility as to justify the court in accepting it as true in disposing of the rule for judgment on the ground that a different view of the case by a jury would be a capricious disbelief of the testimony which was held in Lonzer v. R. R. Co., 196 Pa. 610, not to be permissible. We cannot regard this case, however, as overruling Bank v. Hoffman, supra, nor as applicable to such a state of facts as is presented by the plaintiff. We think the case should have been submitted to the jury. The first assignment is therefore sustained. We are not persuaded that the other assignments, are of sufficient importance to require a reversal. While the statement of claim is somewhat comprehensive and proceeded on the theory of an implied warranty, a portion of it sets up the claim for the amount recovered substantially as disclosed by the evi *33 dence, and as the defendant proceeded to trial without objection as to the form of the declaration we think it is now too late to raise the question. We may remark, however, that it would conduce to clearness to conform the pleadings to the case as presented in the plaintiff’s evidence.
The judgment is reversed with a v. f. d. n.