## Lynam *v.* Norducci, Appellant.

Argued November 19, 1929.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and GRAFF, JJ.

*John L. Dubois,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, P. J., April 18, 1930:

Plaintiff's claim is founded upon goods sold and delivered as evidenced by his books of original entry,

a copy of which was attached to his statement of claim. The defendant, a sub-contractor, did not dispute the delivery of the goods, but claimed that at the time the goods were sold, the agent of the plaintiff agreed to take 65% of the amount of the bills in cash and notes of the builders for 35% when the house was completed. The whole case hinges upon the question whether the trial judge should have entered judgment in favor of the defendant upon the theory that his defense was established by uncontradicted testimony which the jury was not at liberty to disregard. The evidence was entirely oral.

The defendant did not know the name of the agent with whom he had contracted, but said that the latter stated that he was from the plaintiff's office; that the 30% was to be paid after the building was completed. In the affidavit of defense, it will be observed that defendant states the amount to be paid in notes was 35%. It also appeared in evidence that the material was billed to the defendant at 2%, 10 days, and net 30 days. The defendant testified that he had no conversation with Lynam, the plaintiff, at all; that the agreement to take the goods was by his agent. He pointed out the plaintiff's chief clerk as the plaintiff, and notwithstanding this, he testified that he saw Lynam after the job was completed. In view of these uncertainties and contradictions, the court came to the conclusion that it was for the jury to determine whether they would believe the defendant or not.

The question of how far the court can go in directing a verdict where the testimony is uncontradicted has been discussed in a number of cases. The defendant relies upon Lonzer v. L. V. R. R. Co., 196 Pa. 610. That case has been departed from and explained away in a number of decisions, (see Hartig v. American Ice Co., 290 Pa. 21, 32) but even under the

Lonzer case, in view of the uncertainties and contradictions in defendant's testimony, the court was right in allowing the jury to determine whether they would believe the defendant or not.

The judgment is affirmed.