## Wolon v. Welsh. No. 2

*William A. Gray*, for plaintiff.
*John R. K. Scott* and *William T. Connor*, for defendant.

GORDON, JR., J., October 28, 1933.—Since filing our opinion granting the defendant's motion for judgment n. o. v. in this case, our attention has been called to the cases of Chambers v. Mesta Machine Company, 251 Pa. 618, and Walters v. American Bridge Company, 234 Pa. 7, in which it was held that, in entering judgment for a defendant n. o. v., the court should at the same time dispose of any rule for a new trial that may be pending.

We, therefore, will formally discharge the rule for a new trial in this case. We deem it proper to state, however, that we do this only because of our action in granting the motion for judgment n. o. v., with the reasons for which, as stated by the president judge in his opinion, the entire court is in full accord. Had we refused judgment n. o. v., we would unhesitatingly have made absolute the rule for a new trial, for the verdict of the jury was clearly against the weight of the credible evidence in the case. The proof of the existence of the contract of marriage sued on depended upon the testimony of the plaintiff alone, whose reliability as a witness was open to grave suspicion. Her testimony respecting the making of the contract was not only highly improbable, but was also vague and indefinite in character; and the actions and conduct of the parties toward each other, both before and after the making of the alleged contract, far from corroborating the plaintiff upon this point, were more indicative of the existence of a mere meretricious relationship than of a bona fide contract of marriage. This is not the case of an innocent and confiding woman who is misled by the blandishments and misrepresentations of a crafty and unscrupulous seducer, and who, after the discovery of his deception, is induced by false promises and the power which he has acquired over her affections, to continue an irregular relationship to her further degradation and injury. It is the case of a pair of seasoned adulterers, who, for years, more or less continuously, lived together in open, notorious, and offensive indeceny, in flagrant violation of the ordinary proprieties and common moralities of life, and in complete indifference to the rights of a humiliated and injured wife. With the mere immorality of such conduct the law, of course, has no function in this proceeding. But the determination of the validity of a claim by such a woman that she has entered into a bona fide contract of marriage with such a man is, and should be, profoundly affected by these considerations, especially when she has shamelessly flaunted her misconduct in almost every quarter of the globe, and, after discovering that her paramour is married, has persisted in living with him in open adultery over the protests and pleadings of his lawful wife. A verdict in her

favor would, in our judgment, only tend to encourage unlawful relationships, to stimulate the efforts of adventurers to destroy, for pecuniary reward, the sanctity of the marriage relation, upon which a wholesome social order largely rests, and to facilitate, with the aid of the law, the promotion of moral blackmail of a peculiarly odious character.

The rule for a new trial is therefore discharged.