# Schley, Appellant, v. Susquehanna & New York Railroad Company.

*Negligence—Railroads—Passenger—Passenger sleeping.*

1. One who remains in a railway car twenty-five minutes after it has reached his station, which is the terminus of the road, cannot be regarded as a passenger, and as such relieved of the burden of proof of negligence.

*Evidence—Province of court and jury—Verdict—Binding instructions.*

2. The court may consider the defendant's testimony in directing a verdict for the defendant, when the testimony is credible and is not contradicted or at variance with that of the plaintiff.

*Evidence—Province of court and jury—Capricious disbelief—Verdict.*

3. When testimony is not in itself improbable, is not at variance with any proved or admitted facts, or with ordinary experience, and comes from witnesses whose candor there is no apparent ground for doubting, the jury is not at liberty to indulge in a capricious disbelief. If they do so, it is the duty of the court to set aside the verdict; and where that is the case, the court may refuse to submit it at all and direct a verdict accordingly.

Argued Feb. 15, 1910.   Appeal, No. 285, Jan. T., 1909, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1907, No. 320, on verdict for defendant by direction of the court in case of George Schley v. Susquehanna & New York Railroad Company.   Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass for damages for personal injuries.   Before ORME-ROD, J., specially presiding.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was in directing a verdict for defendant.

*M. C. Rhone*, with him *A. R. Jackson*, for appellant.—The court could not hold as a matter of law that the relation of

carrier and passenger had ended before the accident: Penna. R. R. Co. v. Kilgore, 32 Pa. 292; Lyons v. Penna. R. R. Co., 129 Pa. 119; Bass v. Cleveland, etc., Ry. Co., 105 N. W. Repr. 151.

*Seth T. McCormick,* with him *C. H. McCauley,* for appellee.—Where a passenger has had reasonable time and opportunity to leave the car and does not do so, he thereby forfeits the rights due him as a passenger: Glenn v. R. R. Co., 165 Ind. 659 (75 N. E. Repr. 282); Fremont, etc., R. R. Co. v. Hagblad, 101 N. W. Repr. 1033; Chicago & A. Ry. Co. v. Tracey, 109 Ill. App. 563; Houston, etc., R. R. Co. v. Batchler, 83 S. W. Repr. 702; Chicago, etc., Ry. Co. v. Barrett, 16 Ill. App. 17; Jeffersonville, etc., R. R. Co. v. Parmalee, 51 Ind. 42; Kaase v. Gulf, etc., Ry. Co., 92 S. W. Repr. 444; Chicago, etc., R. R. Co. v. Frazer, 2 A. & E. R. R. Cases (N. S.), 206.

PER CURIAM, March 21, 1910:

The plaintiff was injured while in a combination passenger and baggage car that had been detached from a train and was standing on a siding in a yard at a station at the end of the defendant's road. The car had reached the station twenty-five minutes before the accident. It had stood there on the main track ten minutes and had then been placed on the siding, where it was struck by a freight car and derailed.

The plaintiff had got on the car twelve miles from the station at which he was injured. He testified that he had been drinking and had a bottle of whiskey with him and drank while on the train; that he went to sleep when three miles from the station and from that time he knew nothing until after the accident. The only evidence in support of the allegation of negligence was that the brake of the freight car did not hold. The brakeman called by the plaintiff was unable to explain why it did not hold, and it was not shown that it was defective before the accident. The conductor, called by the defendant, testified that, when the train reached the station and other passengers had got off, he went to the plaintiff and awoke him, told him they were at the end of the line

and to get off; that he supposed the plaintiff had got off before he directed the removal of the car to the siding, but afterwards saw him in the car when it was in motion and told his flagman to get him off when the car stopped. A brakeman testified that he saw the plaintiff walk from the passenger to the baggage department of the car while it stood on the siding.

According to the plaintiff's testimony, the burden of proof of negligence was on him because he was not a passenger when injured. He had remained in the car twenty-five minutes after it had reached the station. According to the undisputed testimony of the defendant's witnesses the plaintiff was aroused from his sleep at the station and was awake in the car ten or fifteen minutes after it had been placed on the siding. The court was justified in considering this testimony in directing a verdict. "When the testimony is not in itself improbable, is not at variance with any proved or admitted facts, or with ordinary experience, and comes from witnesses whose candor there is no apparent ground for doubting, the jury is not at liberty to indulge in a capricious disbelief. If they do so, it is the duty of the court to set aside the verdict;——and where that is the case, the court may refuse to submit it at all and direct a verdict accordingly:" Lonzer v. Railroad Co., 196 Pa. 610.

The judgment is affirmed.