# Commonwealth, ex rel., *v.* Bonner, Appellant.

*Inquest of lunacy—Findings of commissioner and jury—Exceptions—Interlocutory order—Appeals.*

1. The decree of the court in a lunacy proceeding, sustaining respondent's exceptions to findings made by the commissioner and jury, and setting aside the report and referring the matter back to the commissioner and jury with instructions to rehear the case, is interlocutory only and no appeal therefrom lies to the Supreme Court.

*Practice—Exceptions—Act of May 11, 1911, P. L. 279—Interlocutory orders.*

2. The Act of May 11, 1911, P. L. 279, providing "whensoever the decision of a court of record shall appear in the proceedings of a case, it shall not be necessary, for the purpose of a review of that decision, to take any exception thereto; but the case shall be heard by the appellate court with the same effect as if an exception had been duly written out, signed and sealed by the court," has no application to interlocutory orders.

Argued October 21, 1912. Appeal, No. 41, Oct. T., 1912, by defendants, from decree of C. P. No. 2, Allegheny County, Jan. T., 1911, No. 479, sustaining exceptions and ordering a rehearing in Commonwealth, ex rel., Eliza Patterson v. George Hettrick Bonner. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Appeal quashed.

Lunacy inquest. Before F. W. Jarvis, Esq., Commissioner, and a jury.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the action of the court in refusing to quash the proceedings and in referring the report back to the commissioner and jury for a rehearing.

*George Hettrick Bonner,* P. P., for appellant.

No appearance or paper book for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

On November 28, 1910, under a petition presented in the court below, a commissioner was appointed to inquire into the sanity of the appellant. Testimony was taken before the commissioner and a jury, and a return made. Subsequently the court sustained certain exceptions to the findings and made an order setting aside the report of the inquest and referring the matter back to the commissioner and jury with instructions to rehear the case and make report "in accordance with the testimony as the law requires." This and all prior orders and rulings made in the case were but interlocutory; hence, we cannot but conclude that none of the matters assigned for error and so well presented by the appellant, may be considered at this time. There can be no appeal in this case until a final order of some character has been entered; the present appeal is premature.

Section 6, of the Act of May 11, 1911, P. L. 279, which provides that "Whensoever the decision of a court of record shall appear in the proceedings of a case, it shall not be necessary, for the purpose of a review of that decision, to take any exception thereto; but the case shall be heard by the appellate court with the same effect as if an exception had been duly written out, signed and sealed by the court," has no application to interlocutory orders and does not help the appellant.

The assignments of error are dismissed and the appeal is quashed at the cost of the appellant.