# Lerch *v.* Hershey Transit Company, Appellant.

*Negligence—Street railways — Passenger alighting — Premature starting of car—Signals—Presumption—Acts of passengers—Trials —Witnesses—Credibility—Charge—Harmless error—Failure to object—Waiver—Case for jury.*

1. As a general rule the credibility of witnesses is for the jury.

2. Where in an action for negligence defendant's witnesses testify to a state of facts, which if believed, would constitute a good defense and such evidence is not contradicted, but the circumstances as related by the witnesses cast a doubt upon their credibility, the case is for the jury.

3. In an action against a street railway company to recover damages for personal injuries sustained by a passenger in consequence of a fall resulting from the alleged premature starting of one of defendant's cars while she was in the act of alighting, the case is for the jury and a verdict for the plaintiff will be sustained where another passenger, a close personal friend of the conductor, stated that he and not the conductor had given the signal to start, and was at the time standing inside the car leaning with his head out the rear door and within a few feet of the conductor, who was on the rear platform; where the evidence was conflicting as to whether the alleged act of the passenger in pulling the bell rope could or should have been seen by the conductor in time to have prevented it, and was conflicting as to whether it was possible, standing as such passenger stated he stood, for him to have pulled the rope; and where defendant adduced further evidence to the effect that the plaintiff had reached the ground and was clear of the car before it started.

4. In the absence of evidence to the contrary, the presumption would be that the conductor gave the signal, but whether that presumption was overcome was, under the evidence in this case, for the jury.

*Trials—Charge to jury—Harmless error—Waiver.*

5. A party may not sit silent and take his chances of a verdict and then if it is adverse complain of a matter, which if an error, would have been immediately rectified and made harmless.

6. Appellate courts will not review matters not called to the at-

tention of the trial court unless the alleged errors are basic and fundamental.

7. Where no particular instructions are prayed the court is responsible only for the general effect of the charge considered as a whole and not for mere omissions to say what might properly have been said.

8. The fact that the number of defendant's witnesses greatly exceeded the number of plaintiff's, should be called to the attention of the jury, as well as the fact that plaintiff was an interested witness, but the failure of the trial judge so to do is not reversible error in the absence of a request so to charge.

Argued May 22, 1916.  Appeals, Nos. 7 & 8, May T., 1916, by defendant, from judgment of C. P. Dauphin Co., March T., 1912, No. 361, on verdict for plaintiffs, in case of Mabel Lerch and Harry F. Lerch v. Hershey Transit Company.  Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before McCARRELL, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Mabel Lerch, for $2,000, and for Harry F. Lerch, for $850, and judgment thereon.  Defendant appealed.

Errors assigned were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v., instructions to the jury and answers to points.

E. Lyman Windolph, with him E. M. Hershey and John E. Snyder, for appellant.—The signal to start the car was given by an unauthorized passenger who acted so suddenly that the conductor could not anticipate or prevent him: Berlick v. Balto. & Ohio R. R. Co., 41 Pa. Superior Ct. 87; Kennedy v. Penna. R. R. Co., 32 Pa. Superior Ct. 623; Pittsburgh, Ft. Wayne & Chicago Ry. Co. v. Hinds, 53 Pa. 512; Ellinger v. Philadelphia, Wilmington & Balto. R. R. Co., 153 Pa. 213; Graeff v. Phila-

delphia & Reading R. R. Co., 161 Pa. 230; Fredericks v. Northern Central R. R., 157 Pa. 103; Cary, et al., v. Los Angeles Ry. Co., 108 Pac. 682; Lerch v. Hershey Transit Co., 246 Pa. 473; Cohen v. Philadelphia Rapid Transit Co., 228 Pa. 243; Ferry v. Manhattan Ry. Co., 118 N. Y. 497; Krone v. Southwest Mo. Electric Ry. Co., 97 Mo. App., 609; Moore v. Woonsocket St. Ry. Co., 27 R. I. 450; Fanshaw v. Norfolk & Portsmouth Traction Co., 108 Va. 300; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610.

The charge to the jury was erroneous: Cohen v. Philadelphia Rapid Transit Co., 228 Pa. 243; Fineburg, et al., v. Second & Third Sts. Pass. Ry. Co., 182 Pa. 97; Lingle v. Scranton Ry. Co., 214 Pa. 500; Hodder v. Philadelphia Rapid Transit Co., 217 Pa. 110; Davies v. Philadelphia Rapid Transit Co., 228 Pa. 176.

*E. E. Beidleman,* with him *A. H. Hull,* for appellees.— There was no reversible error in the charge: Mastel v. Walker, 246 Pa. 65; Kyle v. Southern Electric Light & Power Co., 174 Pa. 570; Lautner v. Kann, 184 Pa. 334.

OPINION BY MR. JUSTICE WALLING, October 2, 1916:

This is an action by husband and wife for personal injuries to the wife alleged to have been caused by defendant's negligence.

On March 25, 1910, Mabel Lerch, herein called the plaintiff, being a passenger on one of defendant's electric street railway cars, signaled the conductor to stop the car that she might alight therefrom which was done. She passed out the rear door of the car and down the steps and the conductor was standing there on the platform.   Plaintiff testifies that before she had cleared the last step the car started forward causing her injury.   In other words that she was hurt by the premature starting of the car.   On the instant she spoke angrily to the conductor, and by a signal from him the car was stopped when it had moved about four feet.   Then she walked

away and the car proceeded. Aside from a denial of the injuries, defendant contends that plaintiff had reached the ground and was clear of the car before it started, and also that such starting of the car resulted from the unauthorized act of a passenger in signaling the car to go forward. Both branches of this defense are sustained by the evidence of the conductor and two passengers, one of whom, a Mr. Foreman, testifies that he gave such signal by two rings of the bell.

The car was divided, the front end being for passengers and the rear end for baggage; and in the latter there were seats at the sides. Mr. Foreman testified that while standing erect he could reach to the height of seven feet three inches from the floor, and that he was standing in the baggage compartment about two feet from the door when plaintiff passed him as she left the car, and that so standing he put his head and right shoulder out of the rear door and with his left hand pulled the bell rope, which as shown by other evidence was seven feet above the floor and seventeen inches to one side of the door. According to the evidence for defendant Foreman stood practically facing the conductor and only a few feet from him; and Mr. Boyer, defendant's other witness, and only other passenger in the baggage compartment, was seated where he could look out the door; and all three were watching plaintiff as she passed down the steps to leave the car. Plaintiff denies that anyone was standing in the baggage compartment as she passed out. Between that compartment and the rear platform there was a window on each side of the door and the evidence was conflicting as to whether the situation was such that the alleged act of Foreman in pulling the bell rope could and should have been seen by the conductor in time to have prevented it. The court submitted that question to the jury, and also the question as to whether Foreman did give such signal. There was no affirmative evidence that it was given by the conductor.

On the former appeal of this case, in 246 Pa. 473, the

judgment for plaintiff was reversed inter alia on the ground that the jury's finding that Foreman did not ring the bell was unfounded and a capricious disregard of undisputed, evidence. However, as we understand the facts, some additional testimony was submitted on the second trial, especially on the question of the ability of Foreman to reach the bell rope while standing as he testifies.

The charge was a judicial and adequate presentation of the case to the jury. While there are expressions therein which might seem to indicate doubt in the mind of the court as to the accuracy of some of the evidence on part of defendant, however, it was all submitted to the jury. The learned trial judge neglected to call the jury's attention to plaintiff's interest in the suit as affecting her credibility, but was not requested so to do.

This court has repeatedly held that: "When the testimony is not in itself improbable, is not at variance with any proved or admitted facts, or with ordinary experience, and comes from witnesses whose candor there is no apparent ground for doubting, the jury is not at liberty to indulge in a capricious disbelief." But we are of the opinion that the case at bar, as presented by the present record, does not come within that rule. Standing leaning forward as Foreman testifies he was, it is a matter of some doubt whether he could reach the bell rope, and to the writer it does not seem probable that he would attempt to do so in the presence of the conductor and without any reason whatever therefor. If as the jury found defendant's witnesses were mistaken as to plaintiff having cleared the car when it started, that to some extent goes to their credibility. It is a circumstance that Foreman was a very close intimate friend of the conductor. And Boyer seated inside might not be apt to observe whether plaintiff had cleared the car when it started. We make no intimation that the testimony of those witnesses is not entirely reliable, but believe the surround-

ings were such as to justify the court in permitting the jury to pass upon its credibility.

In the absence of evidence the presumption is that the conductor gave the signal in question; and we are not satisfied that the oral evidence to the contrary was so convincing as to require the court to pass upon it as a question of law.  Of course, as a general rule the credibility of witnesses is for the jury: Lautner v. Kann, 184 Pa. 334; Second National Bank of Pittsburgh v. Hoffman, 229 Pa. 429; Cahill v. Philadelphia Rapid Transit Co., 52 Pa. Superior Ct. 561.

We are still of the opinion that the question as to whether the conductor could and should have seen Foreman in his alleged act of ringing the bell in time to have prevented it was one of fact for the jury.

There are numerous assignments of error to the court's charge, but in our opinion they are not well founded. All the requests were answered and only a general exception was taken.  The charge as a whole does not seem to be inadequate or misleading and no specific error of law therein has been shown.  The court might properly have called the jury's attention to the numerical superiority of defendant's witnesses and to plaintiff's interest as affecting her credibility, and doubtless would have done so had his attention been called thereto.

Where no particular instructions are prayed the court is responsible only for the general effect of the charge considered as a whole, and not for mere omissions to say what might properly have been said: Reeves v. Del., Lack. & Western R. R. Co., 30 Pa. 454.

"A party may not sit silent and take his chances of a verdict, and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless": Commonwealth v. Razmus, 210 Pa. 609, 611; Reznor Mfg. Co. v. Bessemer & Lake Erie R. R. Co., 233 Pa. 369.

"Appellate courts will not review matters not called to the attention of the trial court, unless the alleged er-

rors are basic and fundamental": Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169 (172).

Of course error may be assigned to omissions in the charge when the trial court's attention has been called thereto at the time.

We find no reversible error in the record and do not deem it necessary to refer separately to each assignment. The judgment is affirmed.