# Park *v.* Beaver Valley Traction Co., Appellant.

*Negligence—Street railways—Charge—Statement of claim—Probata and allegata.*

1. The defendant on appeal in a negligence case cannot complain that the trial judge failed to explain to the jury the relative weight of the testimony of interested and disinterested witnesses, and to caution them against an arbitrary disregard of the weight of the evidence, where the record discloses that there was no great preponderance of defendant's proof over that of the plaintiff, although the number of defendant's witnesses were greater; and especially is this the case where no request to so charge was made.

2. In an action against a street railway company to recover damages for personal injuries sustained in a collision between plaintiff's wagon and a car of defendant, where the statement alleges (1) excessive speed; (2) failure to give warning, and (3) failure to allow plaintiff time to remove his wagon from the track, and the trial judge withdraws the first two charges from the jury because of insufficient evidence, defendant cannot allege as error that the jury was permitted to decide the case on a charge of negli-

gence not included in the statement, where the court on sufficient evidence submits the third charge to the jury.

*Practice, C. P.—Amendment—Exceptions.*

3. A defendant cannot complain of the refusal of a trial judge to allow an amendment of the record to show that exceptions were in fact taken and allowed at the close of the charge, although omitted in the stenographer's transcripts, where the court orders the rule for amendment to be converted into a motion for leave to take exceptions, and grants the motion to file the same nunc pro tunc and make it part of the record.

Argued Oct. 9, 1918. Appeal, No. 47, Oct. T., 1918, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1916, No. 285, on verdict for plaintiff in case of John H. Park v. Beaver Valley Traction Company. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Affirmed.

Trespass to recover damages for personal injuries sustained in a collision between plaintiff's wagon and a car of the defendant. Before PRATHER, P. J., specially presiding.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $10,500 on which judgment was entered for $6,500, all above that amount having been remitted.

*Errors assigned* were (1) that the charge was inadequate; (2) that there was no negligence averred in the statement of claim upon which to base the verdict and judgment; and (3) that the court abused its discretion in refusing defendant's rule to amend the record to show exceptions taken at the trial.

*D. A. Nelson,* of *Wilson & Nelson,* for appellant.—If the court will examine this charge as a whole, there is not one word explaining to the jury interested and disinterested testimony, and the appellate courts have said time

and again that this is reversible error: Davies v. Philadelphia Rapid Transit Co., 228 Pa. 176; Hodder v. Philadelphia Rapid Transit Co., 217 Pa. 110; Clark v. Union Traction Co., 210 Pa. 636.

*William A. McConnel*, with him *Richard S. Holt*, for appellee.

OPINION BY MR. JUSTICE FRAZER, January 4, 1919:

Plaintiff was driving a two-horse wagon down an incline leading from an overhead bridge which crosses the tracks of the Pittsburgh, Fort Wayne & Chicago Railway in the Borough of Freedom, Beaver County. His contention is that he left the team standing parallel with and clear of the tracks of defendant's railway, which occupied the incline and the bridge, and walked back a short distance to procure articles to be placed on his wagon; that while absent "the horses had worked themselves over until the right front wheel was over the street car track"; that he had gotten on the wagon after arranging the lines, which became tangled, and was in the act of driving from the track, the right rear and front wheels being on the track at the time, when defendant's car struck the rear of his wagon with such force as to throw him to the ground and inflict the injuries for which this action was brought to recover compensation.

The main question of fact submitted to the jury was whether, immediately before the collision, the wagon was partly on the railway track, or whether the team, as claimed by defendant, was standing clear of the track and suddenly, and without warning, backed against the passing car. A verdict was rendered for plaintiff, a motion for judgment non obstante veredicto dismissed, and a motion for a new trial discharged on condition that plaintiff filed a remittitur of the amount of the verdict in excess of $6,500. This was done, and judgment entered on the verdict. Defendant appealed.

The first assignment of error is that the charge as a whole was inadequate, prejudicial to defendant and did not give a full statement of the law and the evidence. Under this assignment defendant argues its testimony with respect to the position of the wagon and the manner in which the accident occurred so far outweighed plaintiff's account of the accident that the court should have explained to the jury the relative weight of the testimony of interested and disinterested witnesses and should also have cautioned them against an arbitrary and capricious disregard of the weight of the evidence. Defendant submitted ten points for instruction, all of which were affirmed by the trial judge who submitted the case to the jury in a careful and elaborate charge in which he fully reviewed the testimony adduced by both plaintiff and defendant and explained the principles of law applicable. A careful examination of the record fails to disclose that defendant's testimony, as to the circumstances of the accident, greatly preponderated over that of plaintiff. While defendant's witnesses numerically exceeded those of plaintiff the question is not merely one of numbers but whether the witnesses for plaintiff were in a position which afforded them a better opportunity to observe the accident than those testifying in behalf of defendant. While it is true plaintiff was an interested witness, the motorman was not entirely without interest as it was his negligence, if any, that caused the collision. The testimony of the motorman to the effect that the wagon was standing diagonally across the road and not in the position stated by plaintiff was corroborated by at least half a dozen witnesses, a majority of whom were passengers on the car; the opportunity of several of these witnesses for observation, however, was not such as to throw much weight in the scale of evidence, and the testimony of one, Sommers, who stated he was looking through the front window of the car and apparently in a position to see the accident, is vague as to the position of the wagon and is as consist-

ent with plaintiff's statement of the fact as with the contention of defendant. Plaintiff's testimony relating to the position of the team was also corroborated to some extent by the nature of the damage to the wagon; the only part damaged being the rear right wheel, which was totally demolished, and the neck yoke of the wagon, indicating the application of strong force, and the fact that, according to his story, the team was headed in the direction he would naturally proceed. Furthermore, the wagon and team together were about twenty-two feet in length, slightly greater than the width of the roadway, and, in view of the testimony to the effect that the rear of the wagon was about five feet from the track before the horses began to back, the inferences are strong that the wagon could not have occupied the position claimed by defendant. While it is not disputed the question was for the jury, the testimony is referred to for the purpose of showing the weight of the evidence on behalf of defendant was not so great as to require us to hold the trial judge committed error in failing to explain to the jury the effect of numerical preponderance of witnesses, especially as no request to so charge was made.

The second assignment complains that the jury was permitted to decide the case on a charge of negligence not included in the statement of claim. This contention cannot be sustained. The fifth paragraph of the statement charges that defendant "did negligently and with an excessive and improper speed and without giving plaintiff any warning and allowing him time to get off of said street car tracks drive their said car against the back end of the wagon of said plaintiff." This statement involves three elements of negligence, to wit, excessive speed, failure to give warning and failure to allow plaintiff time to remove his wagon from the track. The first two charges of negligence were eliminated by the trial judge holding the evidence showed the car was not run at an excessive speed, and that the motorman gave warning of its approach. There still remained the

question whether defendant allowed plaintiff sufficient time to remove his wagon from the track.

The third assignment complains of the refusal of the trial judge to allow an amendment of the record to show an exception was taken and allowed at the close of the charge, which it is alleged was omitted by the official stenographer in transcribing the record. Plaintiff objected to the proposed amendment, claiming no exception was taken at the time and, further, that defendant failed to take advantage of an opportunity to move for such amendment until after motions for a new trial and judgment non obstante veredicto were overruled and judgment entered on the verdict, and appeal to this court filed. The trial judge in an opinion stated his recollection to be that counsel for defendant failed to request an exception to the charge and, consequently, was not entitled to have the record amended. The court, however, ordered the rule for amendment to be converted into a motion for leave to take exception and granted the motion to file the same nunc pro tunc and make it part of the record. In view of this action of the court below, defendant secured everything to be had by an amendment of the record and nothing is to be gained by entering into a discussion of the merits of the rule to amend.

The judgment is affirmed.