## Interstate Phonograph Co., Inc., *v.* Di Santo, Appellant.

*Assignments of error—Charge of the court—General exceptions —Questions for jury.*

An assignment of error, relating to the admissibility of evidence, which is not supported by an exception, or by any objection to the admission of the evidence, brings nothing before the court for consideration upon appeal.

Where only a general exception is taken to the charge of the court, and no particular instructions are prayed for, appellate courts will not review matters not called to the attention of the trial courts, unless the errors are fundamental.

In a case where the issue was simply whether the goods, for the price of which the action was brought, were sold or were consigned to defendant to be sold on plaintiff's account, and where the jury

could not have failed to understand, from the charge of the court, that they were to judge of the credibility of the witnesses, and to decide what weight they should give to the testimony on the one side or the other, an assignment of error based upon a general exception to the charge cannot be sustained.

Argued March 15, 1923. Appeal, No. 7, March T., 1923, by defendant, from judgment of C. P. Dauphin County, Jan. T., 1920, No. 180, on verdict for plaintiff in the case of Interstate Phonograph Company, Inc., a corporation organized under the laws of the State of Delaware, v. Giovanni Di Santo. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover purchase price of merchandise. Before WICKERSHAM, J.

Plaintiff sued to recover the purchase price of certain phonographs, records, supplies, etc. The defendant claimed credits beyond those allowed by plaintiff and further set up that the goods were not sold but were sent to him upon consignment.

Verdict for plaintiff in the sum of $247.46 and judgment thereon. Defendant appealed.

*Errors assigned* were the admission of certain evidence, and the charge of the court.

*Lynn M. Irvine*, and with him *John C. Nissley*, for appellant.

*Robert Rosenberg*, of *Rosenberg & Rosenberg*, for appellee.

OPINION BY HENDERSON, J., April 30, 1923:

The first assignment relates to the admission of evidence. The testimony referred to was given without objection and no exception was taken thereto. The assign-

ment therefore brings nothing before us for consideration.

The second assignment relates to the charge of the court to which only a general exception was taken. The complaint is that a portion of it was favorable to the plaintiff, and therefore not an impartial presentation of the case. Where no particular instructions are prayed for and the exception to the charge is general, appellate courts will not review matters not called to the attention of the trial court unless the errors are fundamental: Foley v. Phila. Rapid Transit Co., 240 Pa. 169; Lerch v. Hershey Transit Co., 255 Pa. 190. The complaint presented in the argument, is that in the part of the charge set forth in the assignment, the court suggested the inquiry whether the defendant had produced all the evidence in his possession relating to the question whether the property he received from the plaintiffs was to be sold on commission, or whether the transaction was an absolute purchase by him. The jury may have got the impression from that part of the charge that the court thought the plaintiffs' defense if well founded could have been supported by more convincing evidence which was within his control, but this is not an objection to the charge as a whole, nor does it relate to the subject at the foundation of the case. In different parts of the charge the jury was instructed to consider the testimony of the plaintiff and defendant and to discover from the evidence what the relation of the parties was to each other with respect to the business under consideration. In a part of the charge the learned court said "let me caution you here that the evidence is for you. You are to take the testimony from the witnesses themselves and not from the court, and if your recollection should differ from ours, take your own recollection and not ours as to what the witnesses testified to." The issue involved was not complicated. It was simply whether the goods, for the price of which the action was brought, were sold or were consigned to the defendant to be sold on the plaintiffs'

account. The jury could not have failed to understand that they were to judge of the credibility of the witnesses and to decide what weight they should give to the testimony on one side or the other, for they were so instructed in unmistakable terms. We are not convinced that the assignment is well founded.

The judgment is affirmed.