White et al. *v.* Pittsburgh Railways Company, Appellant.

Argued May 2, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellant.

*John E. Evans, Jr.,* of *Margiotti, Pugliese, Evans & Buckley,* for appellees.

OPINION BY RHODES, J., July 15, 1938:

Appellant (defendant below) complains that the charge of the court was inadequate. Appellant made no request for more specific instructions and took no exception to the failure of the trial judge to charge the jury as it now contends he should have.

The assignment of error is that the charge was insufficient and inadequate; that it did not properly call to the attention of the jurors the difference between interested and disinterested testimony; and that it slurred over the strong points of the defense.

The action was in trespass for personal injuries which resulted in verdicts for plaintiffs, and from the judgments entered on the verdicts these appeals were taken.

For appellant it is argued that the trial judge erred in failing to explain to the jury the difference between interested and disinterested testimony. An examination of the record convinces us that there is no merit in this phase of appellant's argument. Eleven witnesses were called by plaintiffs, and eight witnesses were called for the defense. As to the accident itself, wife plaintiff and her son testified; for appellant, the motorman, a claim adjuster, also employed by appellant, who was a passenger on the trolley car at the

time of the accident, and four passengers, who were apparently disinterested witnesses.

Wife plaintiff testified that the one-man trolley car in which she was riding came to a stop at her alighting place; that she and her son who accompanied her then arose to go to the front of the car; that other passengers were ahead of her going out the front exit door; that she proceeded across the center of the car and up a short incline; that just as she reached the top "something sort of took [her] breath"; that she remembered nothing thereafter until she was on the sidewalk about a block from the street car line. Thomas, son of the wife plaintiff, was eight years old at the time of the accident, and ten years old at the time of the trial. He corroborated his mother in practically all details as to what occurred prior to her reaching the top of the incline. He testified that the car stopped at the street where they were to alight; that after the car stopped his mother got up from the seat, and that he followed; that as they reached the top of the short incline in the car, the car suddenly jerked forward and then stopped; that his mother fell or flew along the floor toward the motorman; that he too almost fell but managed to keep his balance.

Against the testimony of wife plaintiff and her son, as to the happening of the accident, six witnesses were called to testify. The motorman, an employee of appellant, shed no light on what happened as he did not see the accident, but he testified that the car did not jerk. The testimony of the four passengers corroborates the testimony of plaintiffs in minor details; and it cannot be determined from an examination of their testimony that they all directly contradicted the witnesses for plaintiffs on the material facts. More than one inference could be drawn from some of their testimony.

The testimony of the claim adjuster, an employee of appellant, was to the effect that wife plaintiff arose

from her seat while the car was coming to a gradual stop; that when she was near the front end of the car she slipped on snow or slush which had been brought into the car by other passengers; that the car was moving when she fell; and that the car had not come to a stop and then made a jerk. His testimony was clearly contradictory of that of wife plaintiff and her son.

The wife plaintiff was an interested witness; the motorman and the claim adjuster could not be classified as entirely disinterested. The four passengers who were called were, as far as it appears, disinterested witnesses. The fundamental issue was whether the street car stopped before wife plaintiff proceeded toward the front of the car to alight, and then started with a sudden jerk and stopped while she was walking forward. As to the car having stopped before wife plaintiff arose from her seat, both she and her son testified. Her son was the only witness for plaintiffs who testified that the car thereafter started and suddenly stopped while they were proceeding toward the front, as the result of which his mother fell.

The learned trial judge in his charge stated that the interest of the witnesses was to be considered by the jury in judging their credibility, and that the testimony of a witness who was interested had "less right to credibility than that of a witness who is not interested in the case." The charge clearly called the attention of the jury to the testimony of the son of wife plaintiff. In this connection the trial judge charged: "You also have in this case the testimony of a child. The presumption is that a child of tender years naturally tells the truth, but weighed against that is also the human experience that a young child is readily subjected to outside and other influences, and you should consider that in weighing the testimony of a young child in any case." The trial judge also charged that if the jury did not believe this witness, but believed the

witnesses who testified for the defense, then their verdict should be for defendant (appellant), and that, if the jury found by the fair preponderance of the testimony that the wife plaintiff "got up in the trolley car while it was moving, and that she was thrown or fell to the floor while it was still in motion, as described by witnesses for the defendant [appellant], your verdict should be for the defendant [appellant]." We think that if appellant desired more detailed instructions as to the relative weight of the testimony of interested and disinterested witnesses, such a request should have been made. At the conclusion of the charge the trial judge afforded an opportunity to counsel to make suggestions. Counsel for appellant offered none, and took only a general exception. Appellant's testimony was not so preponderating as to now require a reversal because of the failure of the trial judge to give more specific instructions, especially as no request for additional instructions was made after the trial judge asked counsel for any suggestions that they might wish to make. *Park v. Beaver Valley Traction Co.,* 262 Pa. 561, 106 A. 106.

Counsel for appellant, in his argument, makes reference to the numerical preponderance of the witnesses in favor of appellant, and complains that the trial judge did not caution the jury as to the manner in which it should approach such a situation and the probabilities arising therefrom. The charge did not minimize the effect of appellant's numerical superiority in the number of witnesses, and we are convinced that the charge as a whole discloses no such omission as requires a reversal. We refer to what was said in *Lerch v. Hershey Transit Co.,* 255 Pa. 190, at page 195, 99 A. 800, at page 801, as applicable to the instant case: "The court might properly have called the jury's attention to the numerical superiority of defendant's witnesses and to plaintiff's interest as affecting her credi-

bility, and doubtless would have done so had his attention been called thereto.

"Where no particular instructions are prayed the court is responsible only for the general effect of the charge considered as a whole, and not for mere omissions to say what might properly have been said: *Reeves v. Del., Lack. & Western R. R. Co.,* 30 Pa. 454.

" 'A party may not sit silent and take his chances of a verdict, and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless': *Commonwealth v. Razmus,* 210 Pa. 609, 611 [60 A. 264, 265] ; *Reznor Mfg. Co. v. Bessemer & Lake Erie R. R. Co.,* 233 Pa. 369 [82 A. 473].

" 'Appellate courts will not review matters not called to the attention of the trial court, unless the alleged errors are basic and fundamental': *Foley v. Philadelphia Rapid Transit Co.,* 240 Pa. 169, 172 [87 A. 289, 290]."

We find no justification for appellant's criticism of the charge on the ground that it slurred over and omitted to bring to the attention of the jury appellant's testimony. Even if a fuller discussion of the law and the facts by the trial judge might have been helpful to the jury—and that could have been had upon request—it is now too late to make complaint. *Moyer v. Pennsylvania Railroad Co.,* 247 Pa. 210, 217, 93 A. 282, 284.

The charge as a whole fairly submitted the issues to the jury, and was not misleading. We can discover no such error in the charge as requires the granting of a new trial, and no other reason why the court below should be reversed in its refusal to grant a new trial has been assigned or argued. To sustain its position appellant relies on *Patterson v. Pittsburgh Railways Co.,* 322 Pa. 125, 185 A. 283. We are of the opinion that the Patterson case is not controlling and is distinguishable. In the Patterson case plaintiff's recovery

depended solely on his uncorroborated version of the happening of the accident. Six witnesses—the motorman, a passenger on the car, and four others—testified to an entirely different factual situation. The trial judge not only failed to call the jury's attention to the probabilities of the case arising from defendant's overwhelming superiority in number and disinterestedness of witnesses, but the charge made it appear as if the six witnesses for the defendant were in its employ; whereas, five of the six had no connection whatever with defendant company.

Plaintiffs' testimony established a prima facie case, and if plaintiffs' witnesses, as to the happening of the accident, were believed, there was sufficient evidence to warrant the jury in returning the verdicts on which judgments were entered. The credibility of the witnesses was properly a question for the jury, and was submitted to them under a charge free from basic or fundamental error. *Ensor et ux. v. Pennsylvania R. R. Co.*, 306 Pa. 451, 455, 159 A. 872, 873.

Judgments are affirmed.