## Gontarski, Appellant, *v.* Grzyb.

.Argued March 2, 1942.

.Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Ralph G. Mastriani,* for appellant.

*Z. R. Bialkowski,* of *Bialkowski, Bialkowski & Bialkowski,* for appellee was not heard.

OPINION BY KENWORTHEY, J., April 15, 1942:

Sheriff's interpleader. Walter Grzyb entered judgment against Frank Gontarski on a warrant contained in a lease of a part of a building in which Frank operated a taproom. The goods levied on consisted of a truck and a number of articles of garage equip-

ment. Walter Gontarski, the claimant of the goods, is
Frank's brother and had been employed by Frank as
a mechanic and part-time bartender in the taproom at
a salary of $20 a week. The claim was that in July
1939, Frank decided to discontinue the garage business
because he understood the liquor laws prohibited a
licensee to engage in any other business. The alleged
sale of the truck from Frank to Walter took place July
31, 1939; the alleged sale of the other goods took place
August 11, 1939. Walter was supposed to have paid
$300 for the truck and $500 for the other goods.
However, the jury's verdict has established that in the
latter part of July Frank decided to break his lease,
and with the fraudulent purpose of putting the goods
out of the reach of Grzyb, made the colorable sales to
his brother. Execution took place August 23, 1939;
claimant posted a bond and retained the goods. The
jury's verdict was for the judgment creditor in the
amount of $700. Claimant has appealed. Although
one of the assignments of error is directed to the court's
refusal to grant appellant's point for binding instruc-
tions, he filed no motion for judgment n. o. v. The
three questions raised relate to the order of the court
discharging the rule for new trial.

*First.* It is contended the court erred in failing to
charge the jury their duty was to consider the articles
separately and that perhaps claimant had good title
to some though less than all of them. He cites *Rush v.
Vought,* 55 Pa. 437. A complete answer to this argu-
ment is that the question was not raised in an excep-
tion to the court's charge *(White v. Pittsburgh Rail-
ways Co.,* 132 Pa. Superior Ct. 373, 200 A. 932) and,
as the court stated in its opinion, "If this was error,
it could have been corrected very easily at request of
the plaintiff when the judge at the conclusion of its
charge asked counsel if the charge was complete or
additional instructions required." But the principle
relied on has no application to the facts of the present

case. The evidence of fraud was directed at the entire transaction and any verdict but an all or none verdict could not have been sustained. The single issue was whether the transfer of the property was pursuant to a bona fide sale of the garage business by Frank to Walter, or whether it was pursuant to a fraudulent scheme to put the property out of appellee's reach.

*Second.* During the course of the trial, counsel for appellee stated to the court that "Walter Gontarski states that the value of the goods that were levied on is $700," and the court said, "That is to be taken as an admission on the part of this claimant that the value of the goods is $700." The jury was instructed that, if the verdict was for appellee, it should be in the amount of $700. Here again, no exception was taken. Appellant argues that the statements we have quoted followed a side bar conference in which the trial judge inquired why an appraisement was not made by the sheriff and that the stipulation was "only for the purpose of fixing the amount of the bond." But the amount of the bond was fixed when it was entered. And we are bound by the record, not the unsupported statement of counsel. *Hornblower v. Austin,* 112 Pa. Superior Ct. 90, 170 A. 358. The question of the effect of the stipulation was not raised in the court below in any of the seven specified reasons for new trial and it apparently was not argued because there is no reference to it in the comprehensive opinion filed. Finally, the argument on this aspect of the case borders on the frivolous. Appellant states in his brief: "The value of the goods as brought out on cross-examination was Two Hundred ($200) Dollars for the tools and accessories (R. page 20a) and Three Hundred ($300) Dollars for the truck (R. page 26a)." He contends the evidence, without the stipulation, will not support a verdict of more than $500. The cross-examination concerning the value of the separate items of *garage equipment* commences about the middle of page 20a. The only figure

mentioned on that page is a statement that one of the items, a hydraulic jack, "was worth somewhere about $45 when it was bought new." The testimony appearing on the following two pages (21a and 22a) relates to several other separate items on which appellant attempted to put a figure, but on page 23a is the following testimony: "Q. You didn't go and make an itemized statement to see if you were getting a buy or not? A. We didn't go into that. Q. That's right, and you gave your brother $500 for that? A. That's right. Q. And without knowing it was worth $500 or not? A. Well, I knew it was worth $500." On page 26a, appellant stated that he paid $300 for the *truck*, and on page 29a that, after he bought it, he borrowed $300 on it. If it were not for the stipulation, the jury might very well, on this evidence, have found a verdict in the amount of $800.

*Third.* The court, in its charge to the jury, said: "He (appellant) must always maintain the burden of showing you he has got good title, but when somebody says the title was obtained through fraud the person who cries fraud has the burden of proving that one item, that the thing was fraudulent, *and the defendant of course offers plenty of evidence from which he asks you to infer that there was fraud.*" It is contended that the words in italics amount to an expression of opinion by the trial judge that fraud had been proved. There was no exception to this part of the charge. And he did not say there was plenty of evidence of fraud. That there was plenty of evidence from which the jury might *infer* fraud was a clear and accurate representation to the jury. It was wholly warranted by the evidence. And even if it had amounted to an opinion, the appellant would not be in a position to complain. It is not error for a trial judge to express an opinion on the credibility of evidence provided the jury are left free to pass upon it for themselves. *Commonwealth v. Wiswesser,* 124 Pa. Superior Ct. 251, 258, 188 A. 604.

Judgment is affirmed.